IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ISHMEL JACKSON, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 16-cv-00226-NJR |
| | ) |
| VIPEN SHAH, | ) |
| WEXFORD MEDICAL SOURCES, | ) |
| SUZANN BAILEY, | ) |
| DIRECTOR I.D.O.C., and | ) |
| JACQUELINE LASHBROOK, | ) |
| | ) |
|       Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

      Plaintiff Ishmel Jackson is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), located in Pinckneyville, Illinois. Jackson brings this *pro se* action for deprivations of his Eighth Amendment and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 against several prison officials.

      This matter is now before the Court for a preliminary review of Jackson's complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this preliminary review under § 1915A, the Court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief." Upon careful review of the complaint and the supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A.

**Background**

According to the complaint, Plaintiff has been served a soy-based diet while incarcerated at Pinckneyville, which over time has led to health problems. More specifically, the complaint alleges that the Director (the "Director") of the Illinois Department of Corrections ("IDOC"), Wexford Health Sources Inc. ("Wexford"), Food Service Administrator Suzann Bailey, Warden Lashbrook, and Dr. Vipen Shah have conspired to endanger Plaintiff's health. Plaintiff has experienced the side effects of consuming too much soy, such as constipation, headaches, gas, and a torn anus, however, the defendant officials have not altered the soy diet. In fact, Plaintiff states that Wexford has instructed medical personnel to abstain from treating patients complaining of soy-related issues and from creating a "paper trail." This is evidenced by the fact that Dr. Shah merely instructed Plaintiff to drink more water and buy non-soy-based food from the commissary. The physician also refused to test Plaintiff's thyroid function. Further, the administrative grievances Plaintiff has filed and letters written to the Director and Lashbrook have been ignored. According to the complaint, in 2009, female inmates successfully sued IDOC over their soy diet, and they are no longer served soy-based meals.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

    **COUNT 1:**    Shah, Director, Bailey, Lashbrook, and Wexford violated Plaintiff's Eighth Amendment rights by serving him soy meals.

    **COUNT 2:** Shah was deliberately indifferent to Plaintiff's Eighth Amendment rights.

    **COUNT 3:**    Shah, Director, Bailey, Lashbrook, and Wexford conspired against Plaintiff by serving soy food at the prison.

**Discussion**

The Constitution mandates that prison officials provide inmates with "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it." *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985). Construing Plaintiff's complaint broadly, he alleges that Pinckneyville had a policy of serving soy-based food to prisoners, that this food has caused a number of side effects, and that high-level officials were aware of these side effects from a previous suit yet continued to serve soy food anyway. These allegations are sufficient to state arguable claims concerning the service of nutritionally inadequate or dangerous food against the Director, Bailey, and Lashbrook. This is true especially in light of the fact that this claim concerns systematic conditions at Pinckneyville and the prison-related defendants appear to be senior level staff within IDOC. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1428-29 (7th Cir. 1996) (personal involvement can be assumed at early stage for high-level officials if the conditions alleged are "potentially systematic"). Accordingly, **Count 1** may proceed as to the Director, Bailey, and Lashbrook.

**Count 1** must be dismissed, however, as to Wexford and Dr. Shah. Wexford is a corporate entity and is therefore treated as a municipality for purposes of § 1983 liability. *See Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002). "[T]o maintain a § 1983 claim against a municipality, [a plaintiff] must establish the requisite culpability (a 'policy or custom' attributable to municipal policymakers) and the requisite causation (the policy or custom was the 'moving force' behind the constitutional deprivation)." *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002). Here, Plaintiff has not alleged any concrete policy or custom attributable to Wexford, and he has not claimed that any acts by Wexford led to the alleged deprivation of his rights. As to Shah, Plaintiff has not alleged that he had any involvement in general food service at Pinckneyville, and he is not the type of prison official whose involvement in food service can be presumed at the outset of a suit. Accordingly, **Count 1** must be dismissed without prejudice as to Wexford and Shah.

Plaintiff may pursue his claim against Dr. Shah, however, as to **Count 2**. Plaintiff claims that Dr. Shah refused his request for a thyroid hormone level check and failed to treat him despite his numerous health problems. To state a medical claim under the Eighth Amendment, a plaintiff must show that his condition "was objectively serious," and that officials acted with the requisite intent towards that condition (deliberate indifference). *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000). For screening purposes, Plaintiff's claim passes the objective hurdle—he alleges that he suffered from constipation, headaches, gas, a torn anus, and other symptoms linked to the food at the prison, and those symptoms can indicate an arguably serious condition at screening. *See Gutierrez v. Peters*, 111 F.3d 1364, 1372 n.7 & 1373 (7th Cir. 1997). Plaintiff's claim also passes the subjective hurdle— allegations of a failure to treat can constitute indifference, depending on the circumstances. *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011); *McGowan v. Hulick*, 612 F.3d 636, 640-41 (7th Cir. 2010). As such, **Count 2** may proceed through screening.

While it is not clear from the complaint, Plaintiff also seems to bring standalone conspiracy allegations concerning the soy-based diet at the prison (**Count 3**). To the extent **Count 3** is an effort to draw Dr. Shah and Wexford into **Count 1**, this is problematic under Federal Rule of Civil Procedure 8, which requires litigants to provide a minimum level of "factual content" to state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Without more developed allegations, Plaintiff has not made out a viable conspiracy claim, and **Count 3** must be dismissed.

Over and above his Eighth Amendment claims, Plaintiff also invokes the Fourteenth Amendment in his complaint. Plaintiff fails to articulate any distinct Fourteenth Amendment issue, however, and the Court cannot discern one from the narrative of his complaint. Any Fourteenth Amendment claim would appear to be redundant, because it is necessarily based on the same facts underlying the Eighth Amendment claims that were already recognized above. *See*, *e.g.*, *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (dismissing equal protection and Eighth Amendment claims based on same circumstances as religious claim because religious claim "gains nothing by attracting

additional constitutional labels"); *Williams v. Snyder*, 150 F. App'x 549, 552–53 (7th Cir. 2005) (dismissing equal protection, access to courts, due process, and Eighth Amendment claims as duplicative of retaliation and religion claims). As such, the Fourteenth Amendment claims should be considered dismissed without prejudice.

### Motion for Service of Process at Government Expense

Plaintiff's motion for service of process at Government expense (Doc. 4) is **GRANTED**. Service shall be ordered for the Defendants as set forth below.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNT 1** shall **PROCEED** against the **DIRECTOR**, **BAILEY**, and **LASHBROOK**. **COUNT 1** is **DISMISSED without prejudice** as to **WEXFORD** and **SHAH**.

**IT IS FURTHER ORDERED** that **COUNT 2** may **PROCEED** against **SHAH**.

**IT IS FURTHER ORDERED** that **COUNT 3** is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **SHAH**, **DIRECTOR**, **BAILEY**, and **LASHBROOK**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any

documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered) a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 3).

Further, this entire matter is **REFERRED** to a Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under § 1915 for leave to commence this action without being required to prepay fees and costs, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  March 22, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**